Earls v. Bennett.

E. H. EARLS *et al. v.* FRANK BENNETT *et al.*

(*Nashville.* December Term, 1916.)

**DEEDS. Execution. Presumption. Ancient grant.**

There is no presumption of the execution of a deed arising from
the fact that for fifty years a party's predecessors in title have
from time to time conveyed the land without attack where there
has been no long possession of the land by any one or more of
them.

Cases cited and approved: Eldridge v. Knott, 1 Cowp., 215: Wil-
liams v. Donell, 39 Tenn., 695; Dunn v. Eaton, 92 Tenn., 743;
Brown v. Edson, 23 Vt., 435.

Case cited and distinguished: Ricard v. Williams, 7 Wheat., 106.

FROM LAWRENCE.

Appeal from the Chancery Court of Lawrence
County.—W. S. BEARDEN, Judge.

JNO. F. MORRISON, for appellant.

McNELY & HELTON and ROBT. B. WILLIAMS, for
appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the
Court.

Is there a presumption in favor of a party in
ejectment that a deed has been executed, arising out
of the fact that for a long period of years (fifty
years in this case) his predecessors in title have

from time to time conveyed the land, without attack, where there has been no long possession of the land by any one or more of them?

This is the ruling question in the case, and we answer it in the negative.

That a grant or deed is to be presumed in certain circumstances was a rule of the Roman or civil law as well as of the common law.

"Presumptions of this nature are adopted from the general infirmity of human nature, the difficulty of preserving muniments of title, and the public policy of supporting long interrupted possessions. They are founded upon the consideration, that the facts are such as could not, according to the ordinary course of human affairs, occur unless there was a transmutation of title to, or an admission of an existing adverse title in, the party in possession." Justice STORY in *Ricard* v. *Williams,* 7 Wheat., 106, 5 L. Ed., 410.

As Lord MANSFIELD said, in *Eldridge* v. *Knott,* 1 Cowp., 215, grants of land are presumed merely for the purpose, and from the principle of quieting the possession.

In sum, the presumption arises from long adverse possession for the purpose of establishing a basis of regularity or title, for the repose of that possession.

The cases cited by the appellee (*Williams* v. *Donell,* 2 Head [39 Tenn.], 695, and *Dunn* v. *Eaton,* 92 Tenn., 743, 753, 23 S. W., 163) are explicit in their recognition of this principle.

It can never be presumed that a deed of land was anciently executed and has since been lost, except for the purpose of quieting a long-continued possession of the land. *Brown* v. *Edson,* 23 Vt., 435.

Reverse the decree of the chancellor, and remand the cause for further and accordant proceedings.